WILSON TURNER KOSMO LLP
LOIS M. KOSCH (131859)
LISA A. HILL (223995)
550 West C Street, Suite 1050
San Diego, California 92101
Telephone: (619) 236-9600
Facsimile: (619) 236-9669
**E-mail:** lkosch@wilsonturnerkosmo.com
**E-mail:** lhill@wilsonturnerkosmo.com

Attorneys for Defendant
CARDINAL HEALTH 200, LLC

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| THOMAS PERRY, on behalf of himself and all others similarly situated, and on behalf of the general public,<br><br>     Plaintiffs,<br><br>  v.<br><br>CARDINAL HEALTH 200, LLC, a Delaware limited liability company, and DOES 1 through 50, inclusive,<br><br>     Defendants. | Case No.<br><br>**DEFENDANT'S NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441(a)** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. § 1441(a), Defendant Cardinal Health 200, LLC., hereby removes this action from the Superior Court of the State of California, County of Solano to the United States District Court for the Eastern District of California, and sets forth in support of its Notice of Removal of Action the following:

1.    On March 2, 2010, Plaintiff Thomas Perry (Plaintiff) commenced this action in the Superior Court of the State of California, County of Solano, entitled *Thomas Perry v. Cardinal Health 200, LLC*, Case No. FC5035303, by the filing of a Complaint. A true and correct copy of the Complaint is attached hereto as Exhibit "A."

2.     The Complaint alleges the following five causes of action: failure to pay wages (Labor Code §§ 510, 1194, IWC Wage Order 1-2001); knowing and intentional failure to comply with itemized employee wage statement provisions (Labor Code § 226(a), (e)); failure to timely pay wages due at termination (Labor Code §§ 201-203); failure to timely pay wages (Labor Code § 204); and violation of Business and Professions Code § 17200.

3.     Defendant Cardinal Health 200, LLC was served on March 11, 2010.

4.     This is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and may be removed to this Court by Defendant Cardinal Health 200, LLC pursuant to the provisions of 28 U.S.C. § 1441(a) because it is a civil action between citizens of different states and the matter in controversy herein exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

5.     Plaintiff Thomas Perry was, at the commencement of this action in state court, and still is, a citizen of the United States and domiciled in the State of California, County of Solano. (*See* Complaint, ¶ 6.)  Plaintiff's residence is *prima facie* evidence that he is domiciled in the State of California for purposes of diversity jurisdiction.  (*State Farm v. Dyer,* 19 F.3d 514, 519 (10th Cir. 1994).)

6.     Defendant Cardinal Health 200, LLC was, at the time this action was filed in state court, and still is, a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business in the State of Ohio, and was not and is not a citizen of the State of California.

7.     The Complaint also names Defendants DOES 1 to 50.  Pursuant to 28 U.S.C. § 1441(a), the citizenship of these Defendants is disregarded.

8.     The face of Plaintiff's Complaint discloses the existence of federal subject matter jurisdiction based on diversity with respect to the amount in controversy.  In paragraphs 19 and 20, the Complaint states that "Plaintiff is informed and believes, and based thereon alleges, that Defendants currently employ, and during the relevant time periods employed, over fifty persons as non-exempt, hourly employees at the relevant business location. … Accounting for employee turnover during the relevant periods necessarily increases this number substantially."  At a minimum,

DEFENDANT'S NOTICE OF REMOVAL UNDER  28 U.S.C. § 1441(a)

1  then, Plaintiff has alleged that there are fifty potential class members during the relevant four year

2  statute of limitations (*see* Complaint, Relief Requested, ¶ 1). Based on Plaintiff's allegation that

3  there are a minimum of fifty potential class members (Complaint ¶ 19), each class member would

4  need to have more than $1,500 in damages and penalties, exclusive of costs but inclusive of fees, for

5  the case to meet the $75,000 amount in controversy requirement. This standard is easily met.

6  Plaintiff's first cause of action alleges that Plaintiffs were required to work overtime without

7  overtime compensation. Assuming, for purposes of removal, that each of the fifty class members

8  worked one hour of overtime a week at the minimum wage of $8, for each week of the four year

9  class period, the total amount of damages would be $4 (one-half the regular rate) x 52 weeks/year x

10  4 years = $41,600. If the employees were alleged to have worked two hours of overtime per week,

11  the amount of damages in controversy alone would be $83,200. Plaintiff's second cause of action

12  seeks wage statement penalties pursuant to section 226(e) of the California Labor Code, which

13  provides that an employee suffering injury as the result of a failure to comply with the requirements

14  of Labor Code § 226(a) is entitled to penalties of $50 for the initial violation and $100 for

15  subsequent violations. Labor Code § 226 is subject to a one-year statute of limitations (*see*

16  California Code of Civil Procedure § 340(a).) Assuming the hourly employees were paid bimonthly

17  (the least frequent payment the law permits for nonexempt employees, *see* California Labor Code §

18  204), each employee would stand to receive penalties for 24 checks dating from the filing of the

19  complaint, plus two checks to date, for a total of 26 paychecks in controversy per employee.

20  Plaintiff argues that each of these paychecks was defective. Even applying the $50 "initial

21  violation" rate to every defective paycheck, each employee would therefore stand to receive a total

22  of $1,300 in wage statement penalties alone, for a total of $65,000 in controversy (for fifty

23  employees) on Plaintiff's second cause of action alone. Allowing for attorneys' fees, damages, and

24  recovery pursuant to Plaintiff's third cause of action for waiting time penalties for employees

25  discharged during the class period, it is clear that the $75,000 amount in controversy requirement is

26  met.

27

28

1    9.    This Notice of Removal is being filed within thirty (30) days after the case becoming

2    removable as noted above and, therefore, is timely filed under 28 U.S.C. § 1446(b).  (*Harris v.*

3    *Bankers Life and Cas. Co.*, 425 F.3d 689, 692 (2005).)

4    10.    This Notice of Removal is being filed within one (1) year of the commencement of

5    this action and, therefore, is timely filed under 28 U.S.C. § 1446(b).

6    11.    Removal to this Court is proper as the Superior Court of the State of California,

7    County of Solano where this action was originally filed, is located within this district.

8    12.    True and correct copies of all other pleadings and orders on file in the state court are

9    attached hereto as Exhibit "B."  To the best of Defendant Cardinal Health 200, LLC's knowledge,

10   the exhibits attached to this Notice of Removal of Action constitute all of the process, pleadings and

11   orders served upon them at the time of this removal.

12   13.    Counsel for Defendant Cardinal Health 200, LLC certifies that it will file a copy of

13   this Notice of Removal with the Clerk of the Superior Court of California, County of Solano, and

14   give notice of same to counsel for Plaintiff.

15

16   Dated:    April 9, 2010                    **WILSON TURNER KOSMO LLP**

17

18                                        By:  Lois M. Kosch

19                                             LOIS M. KOSCH
                                                LISA A. HILL
20                                             Attorneys for Defendant
                                                CARDINAL HEALTH 200, LLC

21

22

23

24

25

26

27

28

DEFENDANT'S NOTICE OF REMOVAL UNDER  28 U.S.C. § 1441(a)

1 KENNETH S. GAINES, ESQ. SBN 049045
DANIEL F. GAINES, ESQ. SBN 251488
2 **GAINES & GAINES, APLC**
21550 Oxnard Street, Suite 980
3 Woodland Hills, CA 91367
Telephone: (818) 703-8985
4 Facsimile: (818) 703-8984

5 SCOTT A. MILLER, ESQ. SBN 230322
BONNIE FONG, ESQ. SBN 262739
6 **LAW OFFICES OF SCOTT A. MILLER, APC**
STEVEN L. MILLER, ESQ. SBN 106023
7 **STEVEN L. MILLER, APLC**
16133 Ventura Blvd., Suite 645
8 Encino, CA 91436
Telephone: (818) 788-8081
9 Facsimile: (818) 788-8080

10 Attorneys for Plaintiff Thomas Perry, on behalf of himself and all others similarly situated, and on
behalf of the general public

11

**ENDORSED FILED**
Clerk of the Superior Court

MAR 0 2 2010
D. BUTLER
By
DEPUTY CLERK

**ASSIGNED TO**
JUDGE  SCOTT L. KAYS
**FOR ALL PURPOSES**

12 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13 **FOR THE COUNTY OF SOLANO**

14

15 THOMAS PERRY, on behalf of himself and all
others similarly situated, and on behalf of the
16 general public,

17         Plaintiffs,

18     v.

19 CARDINAL HEALTH 200, LLC, a Delaware
limited liability company, and DOES 1 through
20 50, inclusive,

21         Defendants.

22

CASE NO:  FC5035303

*Assigned to
Department*

**CLASS ACTION COMPLAINT FOR:**

**1. FAILURE TO PAY WAGES (LABOR
CODE §§ 510, 1194, IWC WAGE ORDER
1-2001)**

**2. KNOWING AND INTENTIONAL
FAILURE TO COMPLY WITH
ITEMIZED EMPLOYEE WAGE
STATEMENT PROVISIONS (LABOR
CODE § 226(a), (e))**

23 **3. FAILURE TO TIMELY PAY WAGES
DUE AT TERMINATION (LABOR CODE
24 §§ 201-203)**

25 **4. FAILURE TO TIMELY PAY WAGES
(LABOR CODE § 204)**

26

27 **5. VIOLATION OF BUSINESS AND
PROFESSIONS CODE § 17200**

28

-1-

**DEMAND FOR JURY TRIAL**

Plaintiff THOMAS PERRY, on behalf of himself and all others similarly situated (the "Class" or "Plaintiff Class"), and on behalf of the general public, complains of Defendants, and each of them, as follows:

## I.

## INTRODUCTION

1. This is a Class Action, pursuant to *Code of Civil Procedure* § 382, on behalf of Plaintiff and all individuals who are employed by, or were formerly employed by, CARDINAL HEALTH 200, LLC, and any subsidiaries or affiliated companies, including its predecessors (hereinafter collectively referred to as "Cardinal Health" or "Defendants") as non-exempt, hourly employees at their business location at 700 Vaughn Road, Dixon, California.

2. For at least four (4) years prior to the filing of this action and continuing to the present (the "liability period"), Defendants have had a consistent policy of failing to properly compensate Plaintiff and all other members of the proposed Class at premium overtime rates as required by the Wage Orders and the *California Labor Code*.

3. Plaintiff, on behalf of himself and all proposed Plaintiff Class members, brings this action pursuant to *Labor Code* §§ 201-203, 204, 226, 510, and 1194 seeking compensation for all unpaid hours worked, and penalties, injunctive and other equitable relief, and reasonable attorneys' fees and costs.

4. Plaintiff, on behalf of himself and all proposed Plaintiff Class members, pursuant to *Business & Professions Code* §§ 17200-17208, also seeks injunctive relief, restitution, and disgorgement of all benefits Defendants enjoyed from their failure to provide full compensation and for their failure to timely pay wages.

5. Venue as to each Defendant is proper in this judicial district, pursuant to *Code of Civil Procedure* § 395. Defendants operate within the County of Solano, and the acts and omissions alleged herein arose in the County of Solano.

-2-

**CLASS ACTION COMPLAINT**

# II.

## PARTIES

**A.    Plaintiff**

6.    Plaintiff Thomas Perry is a resident of Solano County, California.  He was employed by Defendants between June, 2005 and September, 2009 as a non-exempt, hourly employee at their business location at 700 Vaughn Road, Dixon, California.  During his employment, Perry was:

        a.    Required to work over eight (8) hours per day without receiving premium overtime compensation for such hours, as required by the *Labor Code* and the Wage Orders thereunder;

        b.    Compensated at a rate below the lawful minimum wage, including the minimum lawful overtime compensation;

        c.    Forced to receive inaccurately itemized and deficient wage statements, in violation of *Labor Code* § 226(a); and

        d.    Denied payment of all wages due and owing in a timely manner, including upon termination.

**B.    Defendants**

7.    Plaintiff is informed and believes, and based thereon alleges, that Defendant CARDINAL HEALTH 200, LLC is a Delaware limited liability company doing business in Solano County, California.  Plaintiff is informed and believes, and based thereon alleges, that CARDINAL HEALTH 200, INC. was the predecessor of CARDINAL HEALTH 200, LLC, which converted from a Delaware corporation to a Delaware limited liability company in 2009.

8.    The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 50, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under *Code of Civil Procedure* § 474. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to

-3-

Exh. A, page 7

1  herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and

2  capacities of the Defendants designated hereinafter as DOES when such identities become known.

3      9.    Plaintiff is informed and believes, and based thereon alleges, that each Defendant

4  acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint

5  scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are

6  legally attributable to the other Defendants. Furthermore, Defendants in all respects acted as the

7  employer and/or joint employer of Plaintiff and the proposed Class.

8                                III.

9                        ## FACTUAL BACKGROUND

10     10.   Defendants hire non-exempt, hourly employees who work at the facility they

11  operate at 700 Vaughn Road in Dixon, California. Plaintiff is informed and believes, and based

12  thereon alleges, that Defendants operate, and for the four years preceding the filing of this

13  Complaint have operated, this facility.

14     11.   Defendants willfully fail to pay Plaintiff and members of the proposed Class

15  overtime compensation at premium rates. Instead, they are paid for all hours over eight (8) in one

16  day at straight time wages, with no overtime premium.

17     12.   Defendants failed to pay all wages when due and when Plaintiff and members of

18  the proposed Class quit or were discharged. Plaintiff was terminated by Defendants more than 30

19  days prior to the filing of this Complaint and wages are still due and owing.

20     13.   Defendants failed to properly itemize the wage statements of Plaintiff and members

21  of the proposed Class.

22     14.   Plaintiff and the proposed Class are covered by California Industrial Welfare

23  Commission Occupational Wage Order No. 1-2001.

24                                IV.

25                      ## CLASS ACTION ALLEGATIONS

26     15.   Plaintiff brings this action on behalf of himself and all others similarly situated as a

27  Class Action pursuant to § 382 of the *Code of Civil Procedure*. Plaintiff seeks to represent a class

28                                -4-

CLASS ACTION COMPLAINT

composed of and defined as follows:

## – CLASS I –

All persons who are or were employed by Defendants as non-exempt, hourly employees, on an alternative workweek schedule, at the facility located at 700 Vaughn Road, Dixon, California from the date at least four (4) years preceding the filing of this Complaint.

16. Plaintiff seeks to represent a sub-class of this class composed of and defined as follows:

## – CLASS II –

All persons who have ended their employment with Defendants prior to the effective date of any settlement, judgment or other resolution of this action.

17. Plaintiff reserves the right under Rule 3.765, *California Rules of Court*, to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

18. This action has been brought and may properly be maintained as a class action under the provisions of § 382 of the *Code of Civil Procedure* because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

A.  **Numerosity**

19. The potential members of the proposed Class as defined are so numerous that joinder of all the members of the proposed Class is impracticable. While the precise number of proposed Plaintiff Class members has not been determined at this time, Plaintiff is informed and believes, and based thereon alleges, that Defendants currently employ, and during the relevant time periods employed, over fifty persons as non-exempt, hourly employees at the relevant business location.

20. Accounting for employee turnover during the relevant periods necessarily increases this number substantially. Plaintiff alleges Defendants' employment records would provide information as to the number and location of all proposed Plaintiff Class members. Joinder of all

-5-

1    members of the proposed Class is not practicable.

2    **B.    Commonality**

3        21.    There are questions of law and fact common to the proposed Class that predominate

4    over any questions affecting only individual class members.  These common questions of law and

5    fact include, without limitation:

6            a.    Whether Defendants failed to pay wages as required by the *Labor Code* and

7                Wage Orders;

8            b.    Whether Defendants violated §§ 201-203 of the *Labor Code* by failing to

9                pay compensation due and owing at the time that any proposed Plaintiff

10               Class member's employment with Defendants terminated;

11           c.    Whether Defendants fail to timely compensate members of the Plaintiff

12               Class with all wages pursuant to *Labor Code* § 204;

13           d.    Whether Defendants are liable for penalties because of their failure to

14               provide Plaintiff and members of the Plaintiff Class with accurately itemized

15               wage statements;

16           e.    Whether Defendants violated § 17200 *et seq.* of the *Business & Professions*

17               *Code* as a result of their violation of provisions of the *Labor Code*; and

18           f.    Whether Plaintiff and the members of the proposed Class are entitled to

19               equitable relief pursuant to *Business & Professions Code* §17200, *et. seq.*

20   **C.    Typicality**

21       22.    The claims of the named Plaintiff are typical of the claims of the proposed Class.

22   Plaintiff and all members of the proposed Class sustained injuries and damages arising out of and

23   caused by Defendants' common course of conduct in violation of laws, regulations that have the

24   force and effect of law, and statutes as alleged herein.

25   **D.    Adequacy of Representation**

26       23.    Plaintiff will fairly and adequately represent and protect the interests of the

27   members of the proposed Class.  Counsel who represents Plaintiff is competent and experienced in

28                                    -6-

1  litigating large employment class actions.

2  E.    **Superiority of Class Action**

3        24.    A class action is superior to other available means for the fair and efficient

4  adjudication of this controversy.  Individual joinder of all proposed Plaintiff Class members is not

5  practicable, and questions of law and fact common to the proposed Class predominate over any

6  questions affecting only individual members of the proposed Class.  Each member of the proposed

7  Class has been damaged and is entitled to recovery by reason of Defendants illegal policy and/or

8  practice of failing to compensate class members at the legal rates, failing to accurately itemize

9  wage statements and failing to pay wages timely as required by provisions of the *Labor Code*.

10       25.    Class action treatment will allow those similarly situated persons to litigate their

11 claims in the manner that is most efficient and economical for the parties and the judicial system.

12 Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this

13 action that would preclude its maintenance as a class action.

14                                    **V.**

15                          **CAUSES OF ACTION**

16                         **FIRST CAUSE OF ACTION**

17            **PLAINTIFF AND CLASS I AGAINST ALL DEFENDANTS**

18            **FAILURE TO PAY WAGES (LABOR CODE §§ 510, 1194)**

19       26.    Plaintiff incorporates paragraphs 1 through 25 of this Complaint as though fully set

20 forth herein.

21       27.    During the liability period, Defendants have had a consistent policy of failing to pay

22 wages to Plaintiff and members of the Plaintiff Class in violation of California state wage and

23 hours laws by requiring employees to, among other Labor Code violations, work overtime hours at

24 straight-time wages.

25       28.    During the liability period, Defendants failed to pay Plaintiff and members of the

26 Plaintiff Class the minimum wage and the minimum required premium overtime compensation.

27 Defendants willfully violated the provisions of *Labor Code* §§ 510 and 1194.

28                                    -7-

                          CLASS ACTION COMPLAINT

                                                              Exh. A, page 11

29. As a result of the unlawful acts of Defendants in failing to pay all hourly wages, Plaintiff and members of the Plaintiff Class have been deprived of wages and/or overtime in amounts to be determined at trial, and are entitled to restitution and recovery of such amounts, plus interest thereon, attorneys' fees, and costs, pursuant to *Labor Code* § 1194.

Wherefore, Plaintiff and the Class he seeks to represent request relief as described below.

## VI.

## SECOND CAUSE OF ACTION

### PLAINTIFF AND CLASS I AGAINST ALL DEFENDANTS

### KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH ITEMIZED

### EMPLOYEE WAGE STATEMENT PROVISIONS (LABOR CODE § 226(a), (e))

30. Plaintiff incorporates paragraphs 1 through 29 of this Complaint as though fully set forth herein.

31. Section 226(a) of the *California Labor Code* requires Defendants to, among other things, accurately itemize in wage statements total hours worked, total wages earned, and all rates of pay applicable during the relevant pay period for Plaintiff and the members of the proposed Class. Defendants have knowingly and intentionally failed to comply with *Labor Code* § 226(a) by failing, among other things, to accurately set forth each of these items in the itemized wage statements of Plaintiff and members of the proposed Class.

32. Plaintiff and members of the proposed Class have been injured as a result of Defendants' failure to provide accurately itemized wage statements in accordance with *Labor Code* § 226(a).

33. IWC Wage Order 1-2001(7) requires Defendants to maintain time records showing, among other things, when the employee begins and ends each work period, and total daily hours worked in itemized wage statements, and must show all deductions from payment of wages, and accurately report total hours worked by Plaintiff and the members of the proposed Class. Defendants have failed to comply with the wage orders.

Wherefore, Plaintiff and the Class he seeks to represent request relief as described below.

-8-

Exh. A, page 12

## VII.

## THIRD CAUSE OF ACTION

### PLAINTIFF AND CLASS II AGAINST ALL DEFENDANTS

### FAILURE TO TIMELY PAY WAGES DUE AT TERMINATION.

### (LABOR CODE §§ 201-203)

34.    Plaintiff incorporates paragraphs 1 through 33 of this Complaint as though fully set forth herein.

35.    *California Labor Code § 201 and § 202 require Defendants to pay employees all wages due within 72 hours of termination of employment.  Labor Code § 203 provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the subject employee's wages until the back wages are paid in full or an action is commenced.  The penalty cannot exceed 30 days of wages.

36.    As alleged above, Plaintiff and members of the Class he seeks to represent are entitled to compensation for unpaid wages, but to date have not received such compensation.

37.    More than 30 days have passed since Plaintiff Class II members have left Defendants' employ.

38.    As a consequence of Defendants' willful conduct in not paying wages owed, Plaintiff and Class II members are entitled to 30 days wages as a penalty under *Labor Code § 203* for failure to pay legal wages, together with interest thereon and attorney's fees and cost of suit.

Wherefore, Plaintiff and the Class he seeks to represent request relief as described below.

## VIII.

## FOURTH CAUSE OF ACTION

### PLAINTIFF AND CLASS I AGAINST ALL DEFENDANTS

### FAILURE TO TIMELY PAY WAGES (LABOR CODE § 204)

39.    Plaintiff incorporates paragraphs 1 through 38 of this Complaint as though fully set forth herein.

40.    *California Labor Code § 204 requires Defendants to pay Plaintiff and members of

-9-

Exh. A, page 13

1  the proposed Class all wages twice during each calendar month, on days designated in advance by

2  Defendants as regular paydays.

3      41.    Defendants failed to pay Plaintiff and members of the proposed Class in accordance

4  with *Labor Code* § 204 because they failed to pay all wages twice during each calendar month, on

5  days designated in advance by Defendants as regular paydays.

6      42.    As a proximate result of Defendants' violations of *Labor Code* § 204, Plaintiff and

7  members of the Class have been damaged in an amount according to proof at the time of trial.

8      Wherefore, Plaintiff and the Class he seeks to represent request relief as described below.

9  IX.

10  **FIFTH CAUSE OF ACTION**

11  **PLAINTIFF AND CLASS I AGAINST ALL DEFENDANTS**

12  **UNFAIR COMPETITION PURSUANT TO**

13  **BUSINESS & PROFESSIONS CODE § 17200**

14      43.    Plaintiff incorporates paragraphs 1 through 42 of this Complaint as though fully set

15  forth herein.

16      44.    This is a Representative Private Attorney General Action and Class Action for

17  Unfair Business Practices. Plaintiff Thomas Perry, on his own behalf and on behalf of the general

18  public, and on behalf of others similarly situated, brings this claim pursuant to *Business &*

19  *Professions Code* § 17200 *et seq.* The conduct of all Defendants as alleged in this Complaint has

20  been and continues to be unfair, unlawful, and harmful to Plaintiff, the general public, and the

21  proposed Class. Plaintiff seeks to enforce important rights affecting the public interest within the

22  meaning of *Code of Civil Procedure* § 1021.5.

23      45.    Plaintiff is a "person" within the meaning of *Business & Professions Code* § 17204,

24  and therefore has standing to bring this cause of action for injunctive relief, restitution, and other

25  appropriate equitable relief.

26      46.    *Business & Profession Code* § 17200 *et. seq.* prohibits unlawful and unfair business

27  practices.

28  -10-

CLASS ACTION COMPLAINT

47.     Wage and hour laws express fundamental public policies.  Providing employees with full wages and overtime due and timely payment of wages are fundamental public policies of this State and of the United States.  *Labor Code* § 90.5(a) articulates the public policies of this State to enforce vigorously minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding employers and their employees from competitors who lower their costs by failing to comply with minimum labor standards.

48.     Defendants have violated statutes and public policies.  Through the conduct alleged in this Complaint, Defendants, and each of them, have acted contrary to these public policies, have violated specific provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in violation of *Business & Professions Code* § 17200, *et seq.* depriving Plaintiff, and all persons similarly situated, and all interested persons of rights, benefits, and privileges guaranteed to all employees under law.

49.     Defendants' conduct, as alleged herein, constitutes unfair competition in violation of § 17200 *et. seq.* of the *Business & Professions Code*.

50.     Defendants, by engaging in the conduct herein alleged, by not providing all wages and proper overtime compensation and by failing to timely pay employees, either knew or in the exercise of reasonable care should have known that the conduct was unlawful.  As such, it is a violation of § 17200 *et. seq.* of the *Business & Professions Code*.

51.     As a proximate result of the above mentioned acts of Defendants, Plaintiff and others similarly situated have been damaged in a sum as may be proven.

52.     Unless restrained by this Court, Defendants will continue to engage in the unlawful conduct as alleged above.  Pursuant to *Business & Professions Code*, this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment, by Defendants, their agents, or employees, of any unlawful or deceptive practice prohibited by the *Business & Professions Code*, and/or, including but not limited to, disgorgement of profits which may be necessary to restore Plaintiff and the proposed Plaintiff

-11-

1 Class members to the money Defendants have unlawfully failed to pay.

2 <u>RELIEF REQUESTED</u>

3     WHEREFORE, Plaintiff prays for the following relief:

4     1.     For compensatory damages in the amount of all hours worked but unpaid at the

5 minimum lawful wage or premium overtime rates to Plaintiff and each other member of Class I

6 from at least four (4) years prior to the filing of this action to the present as may be proven;

7     2.     For penalties pursuant to *Labor Code* § 203 for Plaintiff and each other member of

8 Class II, equal to their daily wage times thirty (30) days;

9     3.     For penalties pursuant to *Labor Code* 226(e) for Plaintiff and each other member of

10 Class I provided with inaccurately itemized wage statements;

11     4.     An order enjoining Defendants and their agents, servants, and employees, and all

12 persons acting under, in concert with, or for it from failing to provide Plaintiff and members of the

13 Proposed Class with proper compensation, including overtime compensation at premium rates,

14 failing to accurately itemize their wage statements, and failing to timely compensate them in

15 accordance with *Labor Code* §§ 201-204;

16     5.     For restitution for unfair competition pursuant to *Business & Professions Code* §

17 17200 *et. seq.*, including disgorgement of profits, in an amount as may be proven;

18     6.     An award of prejudgment and post-judgment interest;

19     7.     An award providing for payment of costs of suit;

20     8.     An award of attorneys' fees; and

21     9.     Such other and further relief as this Court may deem just and proper.

22 \\

23 \\

24 \\

25 \\

26 \\

27 \\

28

-12-

CLASS ACTION COMPLAINT

1

## DEMAND FOR JURY TRIAL

2   Plaintiff hereby demands a trial of his claims by jury to the extent authorized by law.

3

DATED: February 22, 2010          Respectfully submitted,

4

5                                  GAINES & GAINES

6                                  A Professional Law Corporation

7

8    By: _____

9                                  DANIEL F. GAINES
                                   Attorney for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                -13-

CM-010

| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):* | **FOR COURT USE ONLY** |
|---|---|
| DANIEL F. GAINES, ESQ., SBN 251488<br>GAINES & GAINES, APLC<br>21550 OXNARD STREET, SUITE 980<br><br>WOODLAND HILLS, CA 91367<br>TELEPHONE NO.: (818) 703-8985 FAX NO.: (818) 703-8984<br>ATTORNEY FOR *(Name):* PLAINTIFF THOMAS PERRY | **ENDORSED FILED**<br>Clerk of the Superior Court<br><br>MAR 02 2010<br><br>D. BUTLER<br>By_____<br>DEPUTY CLERK |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SOLANO
STREET ADDRESS: 600 UNION AVENUE
MAILING ADDRESS:
CITY AND ZIP CODE: FAIRFIELD 94533
BRANCH NAME: HALL OF JUSTICE

CASE NAME: PERRY V. CARDINAL HEALTH 200, LLC

| **CIVIL CASE COVER SHEET**<br>[X] Unlimited    [ ] Limited<br>(Amount     (Amount<br>demanded    demanded is<br>exceeds $25,000)   $25,000 or less) | **Complex Case Designation**<br>[ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>FCS035303<br>JUDGE: SCOTT L. KAYS<br>DEPT: 16 |
|---|---|---|

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) |    condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [X] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
     issues that will be time-consuming to resolve      in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* 5
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: FEBRUARY 22, 2010
DANIEL F. GAINES, ESQ., SBN 251488
(TYPE OR PRINT NAME)                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET** Legal Solutions

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

Exh. A, page 18



# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SOLANO

### CIVIL DIVISION

**Fairfield Branch**
600 Union Avenue
Fairfield, CA 94533
(707) 207-7330

**Vallejo Branch**
321 Tuolumne Street
Vallejo, CA 94590
(707) 561-7830

Plaintiff(s):

    PERRY, THOMAS

Defendant(s):
    CARDINAL HEALTH 200, LLC, et al

Case No.    **FCS035303**

**NOTICE OF CASE MANAGEMENT
CONFERENCE ONE AND
ASSIGNMENT OF JUDGE FOR ALL
PURPOSES**

Pursuant to local rules and by order of the Court, this matter has been calendared for Case Management Conference One, as follows:

DATE: 10/25/2010      TIME: 3:00 P.M.

THE ABOVE ENTITLED CASE HAS BEEN ASSIGNED FOR ALL PURPOSES TO:

JUDGE: Scott L. Kays      DEPT:

600 Union Avenue Fairfield, CA 94533 / 321 Tuolumne Street, Vallejo, CA 94590

The obligations of counsel, or any party not represented by an attorney, in regard to Case Management Conference One and any Case Management Conference Two set by the court are as follows:

1) Service of the complaint must be within sixty (60) calendar days of the date of filing.

2) Service and filing of responsive pleading must be within thirty (30) days after service of the complaint. The time for filing responsive pleading may not be extended except as authorized by Government Code section 68616. *Appearance at the Case Management Conference does not excuse a litigant from the requirement of filing and serving a responsive pleading within this deadline.*

3) Plaintiff shall serve a copy of this *Notice of Case Management Conference One* on all defendants with the complaint.

4) Any party serving a cross-complaint shall serve a copy of this *Notice of Case Management Conference One* on each cross-defendant with the cross-complaint.

5) Any cross-complaint served after Case Management Conference One has been held shall have a *Notice of Case Management Conference Two* served with it.

6) A *Case Management Statement* shall be filed with the court and served on all parties by each counsel by the 15th calendar day before the date set for Case Management Conference One.

7) At Case Management Conference One the court shall inform counsel and self-represented parties of the date, time and place for Case Management Conference Two and shall make any orders regarding what is expected that counsel and self-represented parties will accomplish in

Exh. B, page 19

regard to the case before the filing of the *Case Management Statement* for Case Management Conference Two.

8) Each counsel shall complete, file, and serve on all parties a completed *Case Management Statement* by the 15th calendar day before the date set for Case Management Conference Two.

9) At any Case Management Conference, counsel shall be completely aware of all procedural, factual, and legal aspects of the case, and have full authority to discuss and resolve any issues that arise at the conference, including settlement of the case. This applies equally to both attorneys of record and specially-appearing counsel.

10) The court may impose sanctions pursuant to Solano County Local Rules, rule 4.6, in the event that a *Case Management Statement* is not timely filed and/or served, or is not fully completed, or the requirements of Rule 4.6 are not met.

**COUNSEL AND SELF-REPRESENTED PARTIES ARE OBLIGATED TO REVIEW AND COMPLY WITH LOCAL RULES REGARDING CIVIL LITIGATION**

## AFFIDAVIT OF SERVICE

I, the undersigned, declare under penalty of perjury that I am employed as a deputy clerk of the above-entitled court and not a party to the within-entitled action, and that I served this Notice of Case Management Conference One as follows:

☐  I personally served the person named below on (*date*): _____ at
(*time*) _____ .

Name: _____

  ☐ Party    ☐ Attorney of Record    ☐ Representative

┌─────────────────────────────────────────────────────────────────────────┐
│ I, _____, acknowledge receipt of a copy of this *Notice of Case Management Conference One and Assignment of Judge for All Purposes.* │
│                                                                           │
│ Date: _____   _____        │
│                                 Signature                                 │
└─────────────────────────────────────────────────────────────────────────┘

☒  I mailed the notice by enclosing it in an envelope and placing the envelope for collection and mailing following the court's procedure and practices. I am readily familiar with the court's procedure and practices for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid. Said envelope was addressed to the attorney for the party, or the party, as shown below:

Name:  DANIEL F. GAINES
Law Firm: ALSSI
Address:  5503 CAHUENGA BLVD. #209
      NORTH HOLLYWOOD, CA 91601

Date:  03/02/2010        Clerk of the Court
                Superior Court of California, County of Solano

                By: _____ J BUTLER _____
                      Deputy Clerk

Exh. B, page 20

Because of the large number of cases awaiting trial in many courts, a dispute normally can be heard much more quickly by an arbitrator than by a judge. Often a case that may take a week to try in court can be heard in a matter of hours, because evidence can be submitted by documents (like medical reports, bills and business records, rather than by testimony).

There are two kinds of arbitration in California. Private arbitration, by agreement of the parties involved in the dispute, takes place outside the courts and, normally, is binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal on that decision. By contrast, a decision by an arbitrator in a case referred by the court, known as "judicial arbitration," is not binding, unless the parties agree to be bound. A party who does not like the award may file a request for trial with the court within a specified time. However, if that party does not do better in trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for dispute.

## ADDITIONAL INFORMATION

The selection of a neutral is an important decision. Information regarding neutrals is available for review in the Civil Division.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney as to your legal rights and other matters relating to the dispute.

Pursuant to CCP Section 1141.28(b) and Solano County Local Rule 4.7(d), the neutrals fee shall be split equally by the parties at the rate set by the neutral, unless otherwise ordered by the court.

## WHOM DO YOU CALL?

To locate a dispute resolution program or neutral for the Superior Court of California, County of Solano, you may contact the following:

Mediation

Grace Andres

Court Program Manager

600 Union Avenue

Fairfield, CA 94533

(707) 207-7440

Arbitration

Nina Parker

Supervising Court Legal Process Clerk

321 Tuolumne Street

Vallejo, CA 94590

(707) 561-7931

FOR MORE INFORMATION ABOUT
THE COURTS, VISIT OUR WEBSITE
AT WWW.SOLANOCOURTS.COM



# SUPERIOR COURT OF CALIFORNIA COUNTY OF SOLANO

## ALTERNATIVE WAYS TO RESOLVE YOUR CIVIL DISPUTE

## INTRODUCTION

The peaceful resolution of disputes in a fair, timely and cost effective manner is an essential function of the judicial branch of government. In the case of many disputes, litigation that requires a trial is costly, time consuming and stressful for the parties involved.

Many disputes can be resolved in a fair and equitable manner through a less formal process known as ADR (Alternative Dispute Resolution). The most common forms of ADR used in Solano County are mediation and arbitration. One reason for the success of ADR is its flexibility. It leaves control of the process and the outcome in the hands of the parties.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to trial.

## ADVANTAGES OF ADR

ADR can have a number of advantages.

- ADR can be a speedier process.

- ADR can save money in court costs, attorney fees and expert fees.

- ADR can permit more participation. The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- ADR can be flexible. The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- ADR can be cooperative. This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- ADR can reduce stress. The process can mean less court appearances, which tend to be stressful for many litigants.

- ADR can be more satisfying. For all of the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute. In many instances, the court will refer the matter to ADR if it feels the process will be beneficial.

## DISADVANTAGES OF ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

- There is usually a fee charged by the neutral for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

## COMMON TYPES OF ADR

### Mediation

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved. The parties do.

Mediation is a cooperative process, in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other, where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. Mediation normally gives the parties an opportunity to openly discuss their issues or concerns.

Mediation may not be a good idea when one party is unwilling to discuss resolution.

### Arbitration

In arbitration, a neutral (the arbitrator) reviews evidence, hears arguments and makes a decision (award) to resolve the dispute. This is very different from mediation, where the mediator helps the parties reach their own resolution.

Arbitration normally is more informal, much speedier and less expensive than a lawsuit.

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SOLANO

Plaintiff(s)

CASE NO.

vs.

**STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION AND ORDER**

Defendant(s)

The parties and their attorneys stipulate that all claims in this action shall be submitted to:

[ ] Binding Arbitration
[ ] Non-binding Arbitration
[ ] Mediation
[ ] Other (Specify)_____

It is also stipulated that (specify who shall serve as mediator or other neutral, deadlines for completion of ADR process, suspension of discovery or limitation of discovery, etc.)_____

_____

Dated:_____          Dated:_____

_____          _____
Name of Plaintiff                        Name of Defendant

_____          _____
Signature                                Signature

_____          _____
Name of Plaintiff's Attorney             Name of Defendant's Attorney

_____          _____
Signature                                Signature

**IT IS SO ORDERED.**
It is also ordered that_____

_____

Dated:_____

_____
JUDGE OF THE SUPERIOR COURT

ENDORSED FILED
Clerk of the Superior Court

APR 0 9 2010

By_____ S. WIDEMANN
DEPUTY CLERK

1  WILSON TURNER KOSMO LLP
   LOIS M. KOSCH (131859)
2  LISA A. HILL (223995)
   550 West C Street, Suite 1050
3  San Diego, California 92101
   Telephone: (619) 235-9600
4  Facsimile: (619) 236-9669

5  Attorneys for Defendant
   CARDINAL HEALTH 200, LLC
6

7

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF SOLANO

10

11  THOMAS PERRY, on behalf of himself and all    Case No. FCS035363
    others similarly situated, and on behalf of the
12  general public,                                CARDINAL HEALTH 200, LLC'S
                                                   ANSWER TO PLAINTIFF'S
13                 Plaintiff,                      UNVERIFIED COMPLAINT

14         v.                                      Complaint Filed: March 2, 2010

15  CARDINAL HEALTH 200, LLC, a Delaware
    limited liability company, and DOES 1 through  Dept.:     16
16  50, Inclusive,                                 Judge:     Hon. Scott L. Kays
                                                   Trial Date: Not Set
17                 Defendant.
                                                   BY FAX
18

19     Defendant Cardinal Health 200, LLC (Defendant) hereby responds to Plaintiff Thomas

20  Perry's (Plaintiff) unverified Class Action Complaint on file herein by answering as follows:

21                           GENERAL DENIAL

22     Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant generally

23  denies each and every allegation in each and every paragraph and cause of action in Plaintiff's

24  unverified Complaint, denies that Plaintiff or any member of the putative class was injured or has

25  suffered damages in any sum and further denies that Plaintiff or any member of the putative class is

26  entitled to the relief claimed, or any relief, on the grounds alleged or otherwise.

27

28

_____
CARDINAL HEALTH 200, LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each and every count or cause of action therein, fails to state facts sufficient to constitute any claim or cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims or causes of action may be barred by the applicable statutes of limitations, including, without limitation, Code of Civil Procedure sections 337, 338, 339, 340, 343, and Business & Professions Code section 17208.

### THIRD AFFIRMATIVE DEFENSE

Defendant denies all assertions of violations of the California Labor Code.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is estopped by his conduct from recovering any relief by his Complaint, or any purported claim or cause of action alleged therein.

### FIFTH AFFIRMATIVE DEFENSE

By his conduct, Plaintiff has waived any right to recover any relief sought in his Complaint, or any purported claim or cause of action alleged therein.

### SIXTH AFFIRMATIVE DEFENSE

Any recovery on Plaintiff's Complaint, or any claim or purported cause of action alleged therein, is barred because the disputed conduct was privileged and/or justified.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant allege that the Complaint is barred by the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant is informed and believes and thereon alleges that it has performed and fully discharged any and all obligations and legal duties to Plaintiff and members of the putative class pertinent to the matters alleged in Plaintiff's Complaint on file herein.

## NINTH AFFIRMATIVE DEFENSE

Defendant is informed and believes and thereon alleges that it has performed and fully or substantially discharged any and all obligations and legal duties to Plaintiff and members of the putative class with respect to establishing a valid Alternative Workweek Schedule.

## TENTH AFFIRMATIVE DEFENSE

Defendant is informed and believes and thereon alleges that it has not willfully failed to pay any wages due to any discharged or quitting employee.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to either a one-year or a three-year statute of limitations such that imposition of a four-year statute of limitations would violate Defendant's due process rights and other constitutional protections.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred because Defendant acted reasonably and had a good faith and reasonable basis for its actions.

## THIRTEENTH AFFIRMATIVE DEFENSE

Neither Plaintiff nor members of the putative class are entitled to overtime wages because Plaintiff and other class members were subject to a valid Alternative Workweek Schedule.

## FOURTEENTH AFFIRMATIVE DEFENSE

If any loss or detriment occurred as alleged in the Complaint, the loss or detriment was caused and contributed to by the actions of Plaintiff.

## FIFTEENTH AFFIRMATIVE DEFENSE

Without admitting the allegations contained in the Complaint, if Plaintiff suffered any loss or damage, such loss or damage was proximately caused, at least in part, by Plaintiff's own failure to mitigate against his alleged damages, and therefore, Plaintiff's claims must be reduced, diminished, or defeated by such amounts as should have been so mitigated.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant is informed and believes that Plaintiff's causes of action are barred, at least in part, by Plaintiff's failure to avail himself of Defendant's internal remedies.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's unfair competition cause of action is barred because Plaintiff cannot show that he is entitled to any remedy available under Business & Professions Code section 17200.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state facts sufficient to certify a class action pursuant to Code of Civil Procedure section 382 in that there is no ascertainable class, no community of interest among those whom Plaintiff purports to represent, Plaintiff's claims are not typical of the class(es) he purports to represent, common questions of law and/or fact do not predominate, Plaintiff is not an adequate representative of the putative class(es), and because a class action is not the superior method for adjudicating this dispute, and accordingly, this action is not properly brought as a class action.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim under California Business & Professions Code section 17200 et. seq. violates Defendant's constitutional rights under both the United States and California constitutions.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's causes of action seeking injunctive relief and restitution are barred in light of the fact that Plaintiff has an adequate remedy at law.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks to recover waiting time penalties, Plaintiff is not entitled to recovery of such penalties as any failure to pay wages which Defendant expressly denies are owed, was not willful.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The subject matter of Plaintiff's Complaint is within the jurisdiction of the California Division of Labor Standards Enforcement (DLSE) who has special competence in this area and thus, under the doctrine of primary jurisdiction, the Court should withhold any resolution of this dispute until the DLSE has had the opportunity to consider Plaintiff's claims.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant currently has insufficient information available upon which to form a belief as to whether it has additional, as yet unstated, affirmative defenses available. Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates it would be appropriate.

WHEREFORE, Defendant prays as follows:

1. That Plaintiff takes nothing by his Complaint for damages;

2. That Plaintiff's Complaint herein be dismissed in its entirely with prejudice;

3. That judgment be entered against Plaintiff and in favor of Defendant;

4. That Defendant recover its costs of suit herein, including reasonable attorneys' fees; and,

5. That the Court award such other and further relief as it deems appropriate.

Dated:      April 9, 2010                **WILSON TURNER KOSMO LLP**

By: _____
LOIS M. KOSCH
LISA A. HILL
Attorneys for Defendant
CARDINAL HEALTH 200, LLC

Exh. B, page 28

5

| SOLANO SUPERIOR COURT, STATE OF CALIFORNIA | | COURT USE ONLY |
|---|---|---|

**SOLANO SUPERIOR COURT, STATE OF CALIFORNIA**

TITLE OF CASE (ABBREVIATED)
*Thomas Perry, et al v. Cardinal Health 200, LLC, et al*

ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS):　　　TELEPHONE NO.:
LOIS M. KOSCH (131859)　　　　　　　　　　　Tel. (619) 236-9600
LISA A. HILL (223995)　　　　　　　　　　　　Fax: (619) 236-9669
**WILSON TURNER KOSMO LLP**
550 West C Street, Suite 1050
San Diego, CA 92101

ATTORNEYS FOR:
Defendant, CARDINAL HEALTH 200, LLC

HEARING DATE – TIME

CASE NUMBER:
FC5035303

**PROOF OF SERVICE—CIVIL**

Check method of service (only one):

☐ **By Personal Service**　　☒ **By Mail**　　☐ **By Overnight Delivery**
☐ **By Messenger Service**　　☐ **By Fax**　　☐ **By Electronic Service**

1. At the time of service I was over 18 years of age and not a party to this action.

2. My residence or business address is: 550 West C Street, Suite 1050, San Diego, CA 92101

3. ☐ The fax number or electronic notification address from which I served the documents is (complete if service was by fax or electronic service):

4. On April 9, 2010: I served the following documents (specify):

**1. CARDINAL HEALTH 200, LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

☐ The documents are listed in the Attachment to Proof of Service—Civil (Documents Served) (form POS-040(D)).

5. I served the documents on the **person or persons** below, as follows:

　a.　Name of person served:　Kenneth S. Gaines, Esq. / Scott A. Miller, Esq.

　b.　☒ (Complete if service was by personal service, mail, overnight delivery, or messenger service.) Business or residential address where person was served:

Kenneth S. Gaines, Esq.
Daniel F. Gaines, Esq.
Gaines & Gaines, APLC
21550 Oxnard Street, Ste. 980
Woodland Hills, CA 91367
Phone: 818.703.8985
Fax: 818.703.8984

Scott A. Miller, Esq.
Bonnie Fong, Esq.
Law Offices of Scott A. Miller, APC
Steven L. Miller, Esq.
Steven L. Miller, APLC
16133 Ventura Blvd., Ste. 645
Encino, CA 91436
Phone: 818.788.8081
Fax: 818.788.8080

　c.　☒ (Complete if service was by fax or electronic service.)

　　(1)　Fax number or electronic notification address where person was served:　(See section 5.c. above)

　　(2)　Time of service:

☐ The names, addresses, and other applicable information about persons served is on the Attachment to Proof of Service—Civil (Persons Served) (form POS-040(P)).

6. The documents were served by the following means (specify):

　a.　☐　**By personal service.** I personally delivered the documents to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

00400324

PROOF OF SERVICE

6.  b.  ☒  **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and (specify, one):

    (1)  ☐  deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

    (2)  ☒  placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Diego, California:

  c.  ☐  **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 5. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

  d.  ☐  **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 5 and providing them to a professional messenger service for service. (A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)

  e.  ☐  **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 5. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

  f.  ☐  **By electronic service.** Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed in item 5. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: April 9, 2010

*Tracey Cornish* (signature)

Tracey Cornish

(If item 6d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)

### DECLARATION OF MESSENGER

☐  **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding. I served the envelope or package, as stated above, on April 9, 2010.

Name of person with whom package was left: _____  Time: _____

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: April 9, 2010

_____       _____
(NAME OF DECLARANT)                (SIGNATURE OF DECLARANT)